1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9   William Ivy Pickens, Jr.,              )    No. CV-08-1087-PHX-ROS
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Dora Schriro,                          )
13                                         )
                Defendant.                 )
14                                         )
15  _____   )
16
17                            **Background**
18          On March 5, 1997, Petitioner pled guilty to felony theft in Arizona superior court and,
19  on April 3, 1997, was sentenced to three years probation and six months incarceration (Doc.
20  13 Ex. B-D).  On June 18, 1998, Petitioner pled guilty to five additional felonies in superior
21  court, and, on July 24, 1998, was sentenced to thirty-six years imprisonment and lifetime
22  probation (Doc. 13 Ex. K-N, T-U).[1]  Petitioner's probation was also revoked on June 18,
23  1998 and, on July 24, 1998, Petitioner received two additional years imprisonment (Doc. 13
24  Ex. O, S).
25
26
27  _____
28          [1]Petitioner was convicted of kidnaping, sexual assault, attempted sexual assault and
    two counts of burglary.

On September 30, 1998, Petitioner filed a Notice of Post-Conviction Relief (PCR) with the superior court, pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32"), and requested appointment of counsel (Doc. 13 Ex. V). On May 17, 1999, appointed counsel, after reviewing the record, filed a notice of no colorable claim (Doc. 13 Ex. X). Petitioner was subsequently granted two extensions to file a *pro se* PCR petition, with deadlines on July 9, and September 10, 1999 (Doc. 13 Ex. Y-AA). Petitioner failed to submit a timely petition and, on September 23, 1999, the proceeding was dismissed (Doc. 13 Ex. BB).

On May 28, 2002, Petitioner filed a second PCR, arguing that new facts established Petitioner's innocence on the attempted sexual assault charge and that the plea was not knowingly entered (Doc. 13 Ex. CC). On August 1 and 13, 2002, the second PCR was denied as untimely (Doc. 13 Ex. DD-EE). On September 26, 2006, Petitioner filed a third PCR, arguing his sentence violated the Supreme Court's recent mandate in U.S. v. Booker, 543 U.S. 320 (2005) (Doc. 13 Ex. FF). On October 19, 2006, the third PCR was denied because Booker did not apply retroactively or to state court sentences (Doc. 13 Ex. GG). On December 18, 2007, Petitioner filed a fourth PCR, alleging innocence and failure to knowingly enter a plea for the four 1998 convictions (Doc. 13 Ex. HH). On January 17, 2008, the PCR was denied as untimely (Doc. 13 Ex. II). On January 15, 2008, Petitioner filed a fifth and final PCR, alleging new evidence and claiming his right to due process was violated during the prior criminal proceedings because: the judge improperly participated in the plea agreement, Petitioner was not advised of his right to a mitigation hearing prior to sentencing, no DNA evidence was collected and the sentence was otherwise illegal (Doc. 13 Ex. JJ). On January 31, 2008, the Petition was denied as untimely (Doc. 13 Ex. KK).

On June 9, 2008, Petitioner filed an Application for Writ of Habeas Corpus in this Court, alleging ineffective assistance of counsel, illegal sentence, conspiracy by Arizona correctional officers, retaliation by law enforcement officers in the Phoenix area and judicial misconduct (Doc. 1 at 6-10). On November 7, 2008, the government answered (Doc. 13). On March 17, 2009, Petitioner filed a Response to Answer, which included a request for leave to file a motion to show cause (Doc. 15). On March 20, 2009, Magistrate Judge

Michelle Burns issued a Report and Recommendation, recommending dismissal of the Habeas Application for failure to exhaust state remedies and denial of the request for leave (Doc. 17). On April 6, 2009, Petitioner filed a timely Objection (Doc. 18). On May 12, 2009, Petitioner filed a Motion for Leave to file exhibits in support of the Objection (Doc. 19). On May 28, 2009, Petitioner filed a motion for miscellaneous relief (Doc. 22). For the following reasons, the Motions will be denied, Magistrate Burns' Report and Recommendation will be adopted and Petitioner's Application will be dismissed with prejudice.

## Discussion

### 1. Standard

A "district judge may refer dispositive pretrial motions and petitions for writ of habeas corpus to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the magistrate's report and recommendation. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. (emphasis added). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas, 474 U.S. at 149; see also U.S. v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) (same).

### 2. Petitioner's Objection

While Petitioner's Objection is lengthy, the question of exhaustion is not addressed and the Magistrate's Report and Recommendation will be adopted in full.

A habeas corpus petitioner is ineligible for relief if state court remedies available to vindicate the habeas claims have not been exhausted. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."); see also Insyxiengmay v. Morgan, 403 F.3d 657, 658 (9th Cir. 2005) ("A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.") (internal citation omitted). If a petitioner's failure to properly present habeas claims to the state courts has foreclosed the possibility of state court review, as mandated by the exhaustion requirement, the petitioner has procedurally defaulted and is precluded from seeking federal court review of such claims. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002) ("If a state court determines that a claim is procedurally barred, we are precluded from reviewing the merits of the claim if the procedural bar is adequate and independent."). A petitioner may overcome procedural default by showing "cause and prejudice" for the default "or, alternatively, a fundamental miscarriage of justice." Id.

The Magistrate found, and the Court agrees, Petitioner's habeas claims are barred from state court review on independent and adequate state law grounds and thus are procedurally defaulted. To comply with federal habeas exhaustion requirements, Arizona inmates must have presented the merits of their claims to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam) ("Recognizing that each state is entitled to formulate its own system of post-conviction relief . . . we must credit Arizona's choice. Thus, except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona

Court of Appeals has ruled on them."). A state appeals court did not reach the merits of any of Petitioner's five PCRs. If Petitioner were to appeal now, review would be precluded for untimeliness. See Ariz. R. Crim. P. 32.9(c) (petition for review of PCR determination must be filed within thirty days after the final decision of the trial court). If Petitioner were to raise any of the habeas claims through a sixth PCR, the PCR would be summarily dismissed for untimeliness. See Ariz. R. Crim. P. 32.4(a) (except for narrow exceptions, a PCR must be filed within ninety days of entry of judgment); see also Ariz. R. Crim. P. 32.1(d)-(h). Because Petitioner is prevented from exhausting his habeas claims by an independent and adequate state law ground, exhaustion is impossible and the claims are procedurally defaulted. See Smith v. Stewart, 241 F.3d 1191, 1995 n.2 (9th Cir. 2001) (Rule 32 procedural bar is "regularly followed" and thus adequate), rev'd on other grounds by Stewart v. Smith, 536 U.S. 856 (2002). Petitioner's Objection provides no argument to the contrary.

While a petitioner may overcome procedural default by showing "cause and prejudice or, alternatively, a fundamental miscarriage of justice," Petitioner's Objection makes no such showing. Beaty, 303 F.3d at 987.

Although Petitioner provides a lengthy account of the events leading up to imposition of sentence and incarceration, there is no basis for a finding of fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

Petitioner also offers various explanations concerning his failure to properly pursue state court remedies, which will be construed as arguments for cause and prejudice, including Petitioner's mental incapacity and lack of legal knowledge, the harshness of prison conditions, and an alleged retaliatory conspiracy by various actors in the state criminal justice apparatus. Neither Petitioner's pro se status nor his alleged mental incapacity is an adequate legal basis to excuse the procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9thCir. 1986) (illiterate habeas petitioner's pro se status was insufficient

- 5 -

cause to excuse procedural default); <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988) (literate petitioner's mental condition, claiming to be "borderline mental defective," was insufficient cause to excuse procedural default). Nor does the general harshness of prison conditions complained of by Petitioner establish sufficient cause and prejudice to excuse procedural default, given Petitioner's lack of specific explanation concerning how the alleged conditions prevented Petitioner from complying with the Rule 32 deadlines <u>See</u> <u>Nigro v. Sullivan</u>, 40 F.3d 990, 997 (9th Cir. 1994) (conclusory allegations blaming procedural default on general obstacles inherent in prison life, without more specific explanation, do not establish cause and prejudice). Although bona fide allegations of a correctional or law enforcement officer conspiracy to keep Petitioner wrongfully incarcerated could establish sufficient cause and prejudice, the Objection expresses no coherent theory of retaliation or conspiracy linking allegedly improper government conduct with Petitioner's failure to comply with the Rule 32 deadlines. <u>See</u> <u>High v. Ignacio</u>, 408 F.3d 585, 590 (9th Cir. 2005) (improper government interference may be a sufficient ground for excusing procedural default).

Petitioner has failed to adequately challenge the Magistrate's Report recommending dismissal of the Habeas Application for procedural default. Given the arguments raised in the Application and Objection, further briefing or evidence is not likely to improve Petitioner's prospects for success on the merits and thus Petitioner's request to submit one-to-two-hundred pages of additional briefing and exhibits will be denied. Petitioner's motion for miscellaneous relief has no bearing on the legal issues raised in the Report and Recommendation and thus will be denied as moot.

Accordingly,

**IT IS ORDERED** Petitioner's Motion requesting ninety days to file a motion to show cause (Doc. 15) **IS DENIED**.

**FURTHER ORDERED** Petitioner's Motion for Leave to file exhibits in support of the Objection (Doc. 19) **IS DENIED**.

**FURTHER ORDERED** Petitioner's Motion for miscellaneous relief (Doc. 22) **IS DENIED AS MOOT**.

**FURTHER ORDERED** the Magistrate Judge's Report and Recommendation (Doc. 17) **IS ADOPTED**.

**FURTHER ORDERED** Petitioner's application for Writ of Habeas Corpus (Doc. 1) **IS DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close this case.

DATED this 3rd day of September, 2009.



Roslyn O. Silver
United States District Judge